

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Game, Fish and Oyster Commission
Austin, Texas.

Attention: Phil Goodrum, Director Wild Life Restoration .............................................

Opinion No. O-1122

Re: Is the acknowledgment form on lease agreement to be used in connection with a quail restoration project adequate?

Gentlemen:

Your request for an opinion of this Department as to the adequacy of an acknowledgment on a lease agreement form to be used by the Game, Fish and Oyster Commission in connection with a quail restoration project has been received. We quote from your letter as follows:

"We have proposed the enclosed lease agreement form to be used in connection with a quail restoration project. The U.S. Bureau of Biological Survey questions the adequacy of the acknowledgment procedure indicated on the lease form as shown by the enclosure. They have requested us to ask you to write them a letter stating whether or not this form is satisfactory. They are of the opinion that the acknowledgment must be signed by the wife and husband if it is to be a binding instrument."

Briefly we wish to show that the instrument under consideration is not a lease in the strict technical sense, despite language to that effect contained therein, and to advise that it is not subject to the statutory requirements and formalities pertaining to the conveying and leasing of interest in realty in this State.

A license affecting real property amounts to a mere privilege and imports no estate or interest in the property. This serves to distinguish a license from an easement or a lease.

27 TEX. JUR. 856

Kibbie v. McFaddin (Civ. App.) 259 S.W. 233, error refused, on subsequent appeal (Civ. App.) 288 S.W. 490, error refused.

A license is established by a contract which merely confers a privilege of hunting or fishing, upon premises of the grantor although the parties denominated the transaction a "lease".

KIBBIN v. MCFADDIN, supra.

In its first opinion in the KIBBIN v. MCFADDIN case the court held in respect to an instrument granting the right to trap and fish on certain land for two years, in consideration of only $1.00, and prohibiting grantee from subletting or assigning such rights or permitting others to exercise them, as follows:

"But though the contract under which Kibbin holds denominates itself a 'lease" and appellee so denominates it in his petition, we believe on the allegations of appellee's petition that it is, in fact, only a personal license to Kibbin to enjoy the rights granted him by its terms, and is in no sense a technical lease, as that term is understood."

On an appeal from a trial on the merits of the case, the same court said:

"While the Supreme Court denied a writ of error in this case, thereby as we understand sustaining us in what we said was the nature of this contract and the rights of the parties thereto, we have again carefully considered all that was said on the former appeal, and have again reached the conclusion that we correctly defined the rights of the parties."

For the purposes of this opinion a lease may be defined as a grant of an estate in land for a limited term with conditions attached.

HOLCOMBE v. LORINO, 79 S.W. (2d) 307, 124 Texas 446.

A lease is a conveyance of estate in realty, and divests the owner of certain estate for designated period, leaving in the owner right of reversion at the expiration of the grant.

Game, Fish and Oyster Commission, page 3

It has been held that the test to determine whether an agreement for the use of real estate is a "license" or "lease" is whether the contract gives exclusive possession of the premises as against all the world including the owner, in which case it is a "lease" or whether it merely confers a privilege to occupy under the owner, in which case it is a "license".

RHODE ISLAND MARIX TRANSPORTATION CO. v. INTER-STATE NAV. CO. (R.I.) 161 A. 106, 109.

Numerous authorities could be cited to illustrate the distinction between a license and a lease, but a careful consideration of the instrument submitted reveals that, despite the denomination "a lease contract", it is not a conveyance of estate in realty, but a grant of a privilege to occupy under the owner.

The key obligation of the owner of the premises relative to the land under the instrument before us is "to give to the representatives of the Game, Fish and Oyster Commission the privilege of egress and ingress on the land for the purpose of making studies and policing the above described property". In addition the owner agrees to do certain acts "for the purpose of restoring quail thereon and for other wild life uses". This is the grant of a privilege, not of an estate, clearly making the instrument a license.

A license may be created by parol without being obnoxious to those provisions of the statute of frauds or conveyances which relate to interest in land.

27 TEX. JUR. 857;
SUTTON V. WRIGHT, 280 S.W. 906.

In 37 Corpus Juris on page 281, it is stated:

"Inasmuch as a license confers no interest or estate in the property no formality is necessary for its creation; the fact that the property owner's assent or intention to create the license definitely appears, although in an informal manner, is all that is required. It may be created by a written instrument, or generally it may be created by parol, unless specially required by

Game, Fish and Oyster Commission, page 4

statute to be in writing; or it may be implied
from the circumstances. A written license, al-
though under seal, has only the same effect as
a parol license."

It is our opinion that since the submitted instru-
ment is a license rather than a lease of an interest in
realty the law of this state relative to the acknowledg-
ment of leases by husband and wife is not applicable.

The form of acknowledgment for the signature of
the licensor submitted for our approval, to be used in
the quail restoration license, is satisfactory.

Trusting that this fully answers your inquiry, we
are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                         Dick Stout
                          Dick Stout
                          Assistant

DS:ob

APPROVED OCT 20, 1939

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY